FILED'05 JUL 28 14:37USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CASIMIRO ZARAGOZA-INFANTE,<br><br>    Defendant. | Civ No. 05-3030-AA<br>CR No. 04-30007-01-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

Defendant, appearing pro se, moves to reduce his sentence pursuant to 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of counsel based on counsel's failure to move for certain downward departures at his sentencing. Defendant also argues that the Supreme Court's rulings in United States v.

1   - OPINION AND ORDER

Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004) support his request for downward departure.

On October 6, 2004, defendant pled guilty to a superseding indictment charging him with one count of illegal reentry and one count of possession with intent to distribute five grams or more of actual methamphetamine. As part of the plea agreement, defendant waived his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Based on the quantity of methamphetamine involved in the offense, defendant was subject to a five-year mandatory minimum term of imprisonment.

On December 15, 2004, defendant was sentenced to a 63-month term of imprisonment. Defendant did not appeal his conviction or sentence. On April 8, 2005, defendant filed the instant motion.

Defendant argues that he is entitled to a downward departure based on post-conviction rehabilitation, his "fast-track" agreement acceptance of responsibility, and counsel's misrepresentation of his sentence. Notably, because defendant was subject to a five-year mandatory minimum based on the quantity of methamphetamine to which he admitted, the maximum reduction he could have received was three months. 21 U.S.C. § 841(b)(1)(B)(viii).

Nevertheless, a motion under § 2255 cannot challenge nonconstitutional sentencing errors if those errors were not challenged in an earlier proceeding. United States v. McMullen, 98

F.3d 1155, 1157 (9th Cir. 1996) (citing United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995)). "Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision." Id. Defendant did not challenge his sentences before the court or on direct appeal and cannot now seek a downward departure of his offense level based on rehabilitation efforts or his fast track-agreement..

Additionally, in his plea agreement, petitioner agreed to waive direct appeal or collateral attack of his conviction and sentence. An express waiver of the right to appeal or raise a collateral challenge is valid if made voluntarily and knowingly. See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995). Defendant makes no claim that his plea or waiver was not knowingly and voluntarily made, and I find that defendant made a knowing and voluntary waiver of his right to seek further downward departures and of his right to collaterally attack his sentence to seek a downward departure.

Next, petitioner argues ineffective assistance of counsel based on counsel's alleged failure to seek a downward departure. To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In plea proceedings, the

movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Here, petitioner fails to show either deficiency of performance or prejudice. Under the terms of the plea agreement, petitioner agreed that he would not seek additional downward departures other than those in the plea agreement. Therefore, counsel was barred from requesting a downward departure. Further, defendant fails to show prejudice, because the court would not have granted such the downward departures sought by defendant. Defendant received a reduction for acceptance of responsibility, and the two-month period between the change of plea and sentencing proceedings does support a departure based on post-conviction rehabilitation.

Finally, neither Booker nor Blakely supports the relief defendant seeks, because they are not applicable to cases on collateral review. Schardt v. Payne, __ F.3d __, 2005 WL 1593468 *7,8 (9th Cir. July 8, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005).

CONCLUSION

Petitioner's Petition Under 28 U.S.C. § 2255 to Correct, Set Aside or Vacate Sentence (doc. 53) is DENIED.

IT IS SO ORDERED.

Dated this 28 day of July, 2005.

*Ann Aiken*
Ann Aiken
United States District Judge